190 So. 560

## CITY OF NEW ORLEANS v. ADMINISTRATORS OF TULANE EDUCATIONAL FUND.

No. 35397.

June 26, 1939.

Joseph, W. Carroll and Charles Rosen, both of New Orleans, for appellants.

Francis P. Burns and Henry B. Curtis, both of New Orleans, for appellee.

ROGERS, Justice.

The City of New Orleans, desiring to widen Common Street for the purpose of completing the Airline Highway between New Orleans and Baton Rouge, requested the Administrators of the Tulane Educational Fund to sell a strip of land about 18 feet wide on the lower side of Common Street, extending from Baronne Street to University Place. The property on Common Street, between Baronne Street and University Place, was the site of the Old University of Louisiana. By the provisions of Act No. 43 of 1884, which was adopted as a constitutional amendment, this property, as well as certain other property, was placed under the "direction, control, and administration" of the Administrators of the Tulane Educational Fund and was listed in the inventory taken on August 2, 1884 by Charles G. Andry, notary public. One of the conditions attached to the property inventoried and transferred was that "the property, so transferred, may not be sold or disposed of, except under Legislative sanction." Section 2, Act No. 43 of 1884.

The Administrators of the Tulane Educational Fund were willing to sell to the City of New Orleans the 18 foot strip of ground on Common Street, needed for highway purposes, provided they had the power and could do so without violating their trust to the State of Louisiana from which they had acquired the property under Act No. 43 of 1884. Accordingly, an agreement was prepared and entered into between the City and the Administrators whereby the Administrators agreed

to sell to the City, for the purpose of widening Common Street, the required strip of ground for the price and sum of $50,000, on condition that the sale should not be made unless and until legislative sanction therefor had been first obtained in accordance with the provisions of Act No. 43 of 1884. Thereupon, Honorable Robert S. Maestri, Mayor of New Orleans, wrote to Honorable Richard W. Leche, Governor of Louisiana, requesting that in order to obtain the legislative sanction prescribed by Act No. 43 of 1884, a poll of the legislature be promptly taken and enclosing a form of ballot to be submitted to the members thereof for their action. Governor Leche, as requested, submitted the ballot to the members of both the Senate and the House and received a majority affirmative vote, and by letter so advised Mayor Maestri. Subsequently, the Governor wrote the Mayor approving and consenting to the proposed sale.

Notwithstanding that the poll of the members of the legislature was taken and that a majority of the legislators voted in the affirmative, the Administrators of the Tulane Educational Fund, contending that this was not sufficient legislative sanction, refused to transfer the property, whereupon the City of New Orleans brought this suit to compel the Administrators to comply with their agreement.

Under Act No. 94 of 1890 the legislature authorized the Board of Administrators of the Tulane Educational Fund to lease, sell or dispose of the immovable property transferred to them by Act No. 43 of 1884.

On the trial of the case, the judge of the district court and counsel for the parties engaged in a lengthy discussion of the questions presented for determination. In the course of this discussion, after indicating his doubt that the poll of the legislature constituted the legislative sanction required by Act No. 43 of 1884, but expressing his view that the provisions of Act No. 94 of 1890 were sufficient to authorize the Administrators, with the approval of the Governor, to sell the property to the City, the trial judge finally declared: "Then I will hold that the poll of the legislature complies with the act and let the Supreme Court pass on it. I was just trying to express my views on how I would construe the law if it were left to me." Accordingly, the trial judge rendered judgment in favor of the City and against the Administrators, ordering them to execute the sale to the City, or in default thereof that the City be recognized as the owner of the property and authorized to take possession thereof upon the deposit of the purchase price in the registry of the Civil District Court, and a further deposit of $12,000, in the American Bank & Trust Company to the joint account of the parties in accordance with their agreement.

The case presents solely questions of law. These questions are, first, does Act No. 94 of 1890 vest in the Administrators sufficient legislative sanction to sell the property to the City, and, secondly, does the poll of the legislature constitute the legislative sanction required by Act No. 43 of 1884? Obviously, an affirmative answer to the first question will dispense with the

necessity of considering the other question.

In the case of the State of Louisiana v. Board of Administrators of the Tulane Educational Fund et al., 125 La. 432, 51 So. 483, 490, Act No. 94 of 1890 was held to be constitutional and to expressly authorize "the board of administrators to lease, sell, or dispose of the immovable property transferred to them by the state under Act No. 43 of 1884, subject to the approval of the Governor of this state." In that case this Court refused to annul a lease executed by the Administrators under the authority of Act No. 94 of 1890, which lease was held by the Tulane Improvement Company.

Counsel for the Administrators concede that if the authority granted the Administrators by Act No. 94 of 1890 is a continuing authority, either to lease or to sell from time to time the property the Administrators acquired under Act No. 43 of 1884, then there is sufficient legislative sanction, subject to the conditions named in the statute, to authorize the sale to the City for the price and terms agreed upon. But counsel for the Administrators vigorously argue that the authority granted the Administrators by Act No. 94 of 1890 is not a continuing authority to lease or to sell the immovable property referred to in Act No. 43 of 1884, and that when, on March 11, 1897, the Administrators leased the property to Thomas Nicholson, which lease was subsequently acquired by the Tulane Improvement Company, they exhausted the power granted them by the legislative act.

The title of Act No. 94 of 1890 is followed by a preamble which, in turn, is followed by the enacting parts of the statute. The title of the act indicates that its purpose is to confer plenary power on the Board of Administrators to lease, sell or dispose of the immovable property acquired by them under the terms of Act No. 43 of 1884. The title of the act reads: "To authorize the Board of Administrators of the Tulane Educational Fund, to lease, sell or dispose of, the immovable property, transferred to them, by the State, under act No. 43, approved July 5th, 1884." The preamble to the act sets forth generally that: "Whereas It may become desirable," that the property should be disposed of, and a more desirable location be provided in its place, the Administrators should be vested with the discretionary power to act in the premises. The preamble is without force in a legislative sense, being nothing more than a prefatory statement by the legislature of its reason for giving such power to the Board of Administrators. It neither limits nor controls the scope or the application of the enacting clauses of the statute.

Section 1 of Act No. 94 of 1890 provides, "that, in order to confer the Legislative sanction required by Section 2 of Act No. 43 of 1884, in the case the Board of Administrators of the Tulane Education Fund, should deem it to be for the interest of the institution, to remove the University * * * to some more suitable location within the city of New Orleans," the Board is authorized "to lease, sell and dispose of, any part, or of the whole of, the immovable property transferred to it

by the State, and to make good title thereto; provided that the price and terms of said transfer shall be first approved by the Governor of the State; * * *." Section 2 provides that in case the Administrators should, on account of the removal of the University, or any part thereof, vacate the buildings, or any of them now standing on the property, transferred by the State to them, and should deem the sale thereof not advisable, the Board is authorized, if deemed best, to lease said property and buildings or to demolish the same and to construct in their place buildings for commercial and other purposes and to rent the same, etc.

Subsequent to the passage of Act No. 94 of 1890, the Administrators of Tulane University, in order to provide for the needs of the growing institution, acquired and improved the present site of the University on St. Charles Avenue. Following the removal of the University, the Administrators did not find it necessary to avail themselves of the legislative authority to sell the old site, either in whole or in part. They found it necessary merely to avail themselves of the legislative authority to lease the property and they have, from time to time, made successive leases covering various business enterprises located on the property. No one questions the right of the Administrators to do this. No contention is made, nor can be successfully made, that the authority of the Administrators, under Act No. 94 of 1890 to lease the property, was exhausted by the execution of the original lease to Thomas Nicholson on March 11, 1897. If Act No. 94 of 1890 still vests in

the Administrators the authority to lease and re-lease the property in whole or in part, which we think it unquestionably does, we can see no good reason why the legislative act does not vest in the Administrators sufficient legislative sanction to sell the property at any time it finds it necessary to do so, subject, of course, to the conditions expressed in the statute.

Any other interpretation of the legislative act would lead to consequences so absurd that they never could have been intended by the legislature. The Court can not impute to the framers of the law the intention of so restricting the grant of the express right to the Administrators to lease, sell or dispose of the property as to render the right, which is a substantial one, of little or no practical value. Looking at the statute as a whole, its title, the general purpose, and the end sought to be accomplished by its enactment, we are compelled to the conclusion that the authority therein granted to the Administrators of the Tulane Educational Fund to lease, sell or dispose of, the whole or any part of, the immovable property transferred to them by the State under Act No. 43 of 1884, is a continuing authority,—an authority which the Administrators may exercise at any time they may deem it necessary to do so.

Counsel for the Administrators correctly state in their brief that if Act No. 94 of 1890 is held to be sufficient legislative authority for the sale of the property to the City of New Orleans, it will be necessary for the contracting parties to proceed

in accordance with the provisions of the statute. Counsel for the Administrators further state, in their brief, that if the parties are to proceed under Act No. 94 of 1890, the present agreement and resolution of the Administrators, directing that the proceeds of the sale be invested in Federal, City or Municipal bonds to be used for university purposes, will have to be redrafted so as to specifically provide that the proceeds of the sale shall be invested in real estate in the City of New Orleans, subject to a first mortgage in favor of the State, and that the approval of the Governor for that particular method of transfer will have to be obtained as required by the legislative act. If this be true, it may cause some inconvenience, but we fail to see how the situation may be remedied by the court.

In view of our conclusion that Act No. 94 of 1890 provides sufficient legislative sanction for the proposed sale by the Administrators to the City of New Orleans, we pretermit any discussion as to whether the poll of the members of the legislature meets the requirements of the legislative sanction referred to in Act No. 43 of 1884.

For the reasons assigned, the judgment appealed from is amended so as to order that the sale by the Administrators of the Tulane Educational Fund to the City of New Orleans of the property therein described be made and executed under the authority of and in accordance with the terms and conditions set forth in Act No. 94 of 1890, and, as thus amended, the judgment be affirmed.