h GAUDIN, Judge.
This case involves the legality of a traffic stop only because the driver was not wearing a seat belt. We find that the state legislature intended to give police officers the right to make such stops; accordingly, the trial judge’s denial of the defense’s motion to suppress evidence seized after the stop is affirmed. The legislature’s intent is expressed in LSA-R.S. 32:295.1, as amended.
On November 21,1997, Trahan Henderson was driving in Harahan, Louisiana when he was pulled over by a police officer for not having a seat belt on. Henderson was then asked for his driver’s license, automobile registration and proof of insurance. Unable to produce any document, Henderson was placed under arrest.
The arresting policeman said that when he first approached Henderson’s car, he saw a *1181 plastic bag containing white, rock-like substances on the passenger side’s floor. The bag was in plain view.
Following Henderson’s arrest, the officer retrieved the bag, which ^contained five “rocks” of crack cocaine. Then, looking for registration information in the glove compartment, the policeman found a bag containing 44 tablets of diazepam, an illegal drug.
Henderson later filed a motion to suppress the drugs as evidence. This was denied. Henderson then pled guilty to possession of cocaine and possession of diazepam, reserving his right to appeal the denial of his motion to suppress. Henderson now argues that it was unlawful for the officer to stop him only because he was not wearing a seat belt; consequently, the seizure of the drugs was tainted and not legal.
In 1986, R.S. 32:295.1, in pertinent part, stated:
“A.(l) Each driver of a passenger car ... shall have a safety belt properly fastened about his or her body ...
“F. No vehicle, driver or passenger in a vehicle shall be inspected, detained or searched solely because of a violation of or to determine compliance with this section.
“G. Any person who violates this Section shall be given a warning ticket only. Subsequent to July 31, 1986, any person who violates this Section shall upon, conviction be fined twenty-five dollars which shall include all costs of court. Notwithstanding any contrary provision of law, no other cost or fee shall be assessed against any person for a violation of this Section.”
When the statute was amended by Act 643 in 1995, this was the preamble:
To amend and reenact LSA-R.S. 32:295.1(F) and (G), relative to the required use of safety belts; to allow vehicles and occupants to be stopped or searched because of failure to wear a safety belt; to provide for a period of time in which warnings shall be issued; and to provide for related matters.
The rest of the statute then stated:
“F. No vehicle, the contents of the vehicle, driver, or ^passenger in a vehicle shall be inspected, detained, or searched solely because of a violation of this Section.
“G.(l) Any person who violated this Section subsequent to August 31, 1995, and prior to November 1,1995, shall be given a warning ticket only. Subsequent to October 31, 1995, any person who violates this Section shall be subject to the following penalties:
“(a) Upon conviction of a first offense, the fine shall be twenty-five dollars which shall include all costs of court.
“(b) Upon conviction of a second offense, the fine shall be fifty dollars which shall include all costs of court.
“(c) Upon conviction of a third offense and any subsequent offense, the fine shall be fifty dollars plus all costs of court.
“(2) Notwithstanding any contrary provision of law, no other cost or fee shall be assessed against any person for a violation of this Section.”
Henderson argues that because section F was not altered or revised in 1995, the statute as amended is ambiguous. He contends that the section F prohibition against detention precludes a traffic stop merely for not wearing a seat belt. A recent decision of the Third Circuit, State v. Antoine, (La.App. 3 Cir. 10/28/98), *3, 1998 WL 749257, **2, 721 So.2d 562, 563, supports Henderson’s position.
We do not agree with the Third Circuit. Instead, we find that Louisiana Attorney General Opinion No. 95-336 and a very recent decree from this Court more reasonably and correctly spell out.the intent of the legislature in enacting the 1995 amendment. The Attorney General wrote:
“... the preamble of Act 643 clearly indicates that a vehicle may be stopped because of the ‘failure to wear a safety belt’, reflecting legislative intent to characterize this act as a primary traffic offense. Further support for this position is found within the text of the statute, as the law mandates that ‘each front seat occupant of a passenger car.shall have a safety belt properly fastened about his or her body at all times when the vehicle is in *1182 forward motion’ and further impose? penalties of first and ^subsequent offenses.
“Thus, it is the opinion of this office that an individual may be stopped and ticketed for failure to wear a safety belt as provided in LSA-R.S. 32:295.1. It is also our opinion that LSA-R.S. 32.295.1(F) merely imposes a limitation upon the further inspection, detention, or search of a vehicle solely because the occupant is without a safety belt.”
In construing a statute, the preamble can be used in determining what the legislature’s object and intent were. The act as a whole must be considered. In Green v. Louisiana Underwriters Ins. Co., 571 So.2d 610 (La.1990), the Louisiana Supreme Court pointed out that if and when a literal construction of a statute produces absurd or unreasonable results, the letter must give way to the spirit and intent of the law. The act as a whole, including the title and preamble, must be considered. The Court said at page 614:
“Our conclusion concerning the legislative intent behind La. R.S. 49:258 is supported by the title of Act. No. 448.(FN6) The title of Act No. 448 of 1988 states:
“To amend and reenact R.S. 13:5109(A), R.S. 36:705(A)(1), R.S. 39:1533, 1535(A) and (B)(6), and R.S. 48:112, to enact R.S. 39:1535(B)(12) and (C), and R.S. 49:257 and 258, and to repeal R.S. 39:1543.2(e), and (3), and R.S. 48:111.1, relative to legal representation of the state; to provide for the attorney general and the Department of Justice to represent. the state, departments, and state agencies in certain cases; to provide for authority to compromise certain legal claims; to provide for legal services for the office of risk management, division of administration; to provide for procedures relative to procurement of private legal services; to provide for the adjustment and settlement of claims against the state by the office of risk management; and to provide for related matters.
“Based on the purpose and intent behind the act as well as a reading La. R.S. 49:257, we conclude the ‘certain cases’ in which the attorney general shall represent the state or a state agency are cases involving the protection of a right or interest of the state.”
bWe agree with the Attorney General that there is a statutorily imposed limitation upon further inspection, etc. once a driver is stopped and ticketed for not wearing a seat belt. However, if illegal narcotics are in plain view, as was the case here, or if further inquiry is required by facts and circumstances not related to the seat belt violation, as was also the case here, further seizure and/or search can be conducted incident to arrest or because of the plain view doctrine.
In State v. Becnel, No. 98-K-1002, handed down by the 5 th Circuit Court of Appeal on October 15, 1998, this Court ruled on an application for writs filed by the District Attorney of the 24 th Judicial District Court. The defendant in this case had been stopped only because he didn’t have a seat belt on. In granting writs and overruling the trial judge’s granting of a motion to suppress evidence of the driver’s intoxication, the following was stated by Judges James Cannella, Nestor Currault and Thomas Wicker:

WRIT GRANTED

“An individual may be stopped and ticketed for failure to wear a safety belt, as provided in La.32:295.1 La. Atty. Gen. Op. No 95-336 (8/17/95). LSA-R.S. 32.295.1(F) merely imposes a limitation upon the further inspection, detention, or search of a vehicle solely because the occupant is without a safety belt. Respondent’s detention and subsequent investigation of driving while intoxicated were not based on the safety belt violation, but rather resulted from the police officer’s smelling alcohol on respondent’s breath and from observing respondent having difficulty maintaining his balance. The officer’s observations constituted reasonable suspicion to justify respondent’s detention and investigation for driving while intoxicated. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
“Accordingly, the trial court’s ruling granting the motion to suppress is set aside and the case is remanded for entry of a ruling denying the suppression motion. ”
*1183 feWe note that when Henderson’s car was searched, a pistol was found under the hood. This evidence was suppressed by the trial judge; this decision was not appealed by the district attorney.
Concluding, we hold that R.S. 32:295.1 authorizes a police officer to stop and ticket a motorist merely for failure to wear a seat belt but the driver or the vehicle cannot be further inspected, detained or searched unless evidence of other illegal activity is clear and apparent.
We affirm the trial judge’s denial of the motion to suppress contraband drugs in Henderson’s case. Henderson received a three-year suspended jail sentence and he was placed on active probation for three years.
AFFIRMED.
DALEY, J., dissents.