743 So.2d 1236 (1999)
STATE of Louisiana
v.
Cade M. BARBIER.
No. 98-KK-2923.
Supreme Court of Louisiana.
September 8, 1999.
Christopher John Boudreaux, Thibodaux, Counsel for Applicant.
Richard P. Ieyoub, Attorney General, Walter Naquin, Jr., District Attorney, Louis Thaddeus Toups, Thibodaux, Counsel for Respondent.
Robert Stephen Glass, New Orleans, Counsel for Louisiana Association of Defense Lawyers, Amicus Curiae.
TRAYLOR, Justice.[*]
We granted writs in this matter to determine whether the 1995 legislative amendment to the compulsory safety belt law, La.Rev.Stat. Ann. 32:295.1,[1] allows law enforcement officers to lawfully detain motorists, solely on the basis of a suspected violation of that section. In the instant case, Defendant was stopped by a Louisiana State Trooper after he observed Defendant operating his vehicle without wearing a safety belt, in violation of the statute. After the initial traffic stop, Defendant *1237 was arrested for driving while intoxicated after failing a series of field sobriety tests administered by the trooper when Defendant displayed signs of intoxication. Thereafter, Defendant filed a motion to suppress the evidence obtained from the traffic stop, which was initiated solely as a result of Defendant's failure to comply with the safety belt statute. The trial court denied Defendant's motion and writs were denied by the court of appeal. For reasons more fully set forth below, we conclude that the 1995 amendment to the safety belt statute does not authorize the detention of a motorist on the basis of a suspected violation of that provision alone. Accordingly, the trial court erred in denying Defendant's motion to suppress evidence unlawfully seized as a result of the traffic stop.

FACTS AND PROCEDURAL HISTORY
On the afternoon of May 24, 1998, Trooper J.J. Blanchard observed Defendant operating his pickup truck without wearing a safety belt, while traveling southbound on La. Hwy. 1 in Lafourche Parish. In response, Trooper Blanchard initiated a traffic stop of Defendant. After exiting his vehicle, Defendant walked back toward Trooper Blanchard, who immediately noticed defendant's swayed balance, slurred speech, and the presence of a strong odor associated with an alcoholic beverage emanating from his breath. Based upon the foregoing observations, Trooper Blanchard conducted a series of field sobriety tests, which Defendant failed. Defendant was then arrested for driving while intoxicated[2] and issued a citation for failure to wear a safety belt, in violation of La.Rev.Stat. Ann. 32:295.1.
Defendant subsequently filed a motion to suppress evidence unlawfully obtained as a result of the traffic stop.[3] Defendant suggests that a plain reading of the text of La.Rev.Stat. Ann. 32:295.1(F), which provides that "[n]o vehicle, the contents of the vehicle, driver, or passenger in a vehicle shall be inspected, detained, or searched solely because of a violation of this Section," expressly prohibits law enforcement officers from stopping motorists for a safety belt violation only. Because defendant was stopped solely for the safety belt violation which, in turn, led to his arrest for DWI, he asserts that the evidence obtained by Trooper Blanchard during the stop is tainted by impropriety and should be suppressed.
At the hearing on the motion to suppress, the State stipulated that the stop of Defendant's vehicle by Trooper Blanchard was predicated solely on a violation of the safety belt statute. Following the hearing, the trial court denied defendant's motion, concluding that the amendment would be a "vain and useless" provision, unless members of law enforcement could stop motorists for failing to wear a safety belt. According to the trial judge, motorists may be stopped and ticketed for the safety belt violation, but the stop cannot culminate in an arrest for failure to wear a safety belt.[4] Defendant's application for writs to the court of appeal was denied.[5] We granted Defendant's application for review of the rulings by the lower courts. State v. *1238 Barbier, 98-2923 (La.2/5/99), 737 So.2d 732.

LAW AND DISCUSSION
The sole issue presented for consideration and resolution, is whether the 1995 amendment to La.Rev.Stat. Ann. 32:295.1 authorizes law enforcement officers to stop motorists, who are otherwise abiding by the law, for failure to wear a safety belt.[6]
As a general rule, law enforcement officers of this state are authorized by law to stop and question individuals who are reasonably suspected of past, present, or future criminal activity. La.Code.Crim. Proc. Ann. art. 215.1. However, the legislature has plenary authority to delineate and circumscribe the extent to which police may enforce the substantive criminal law. The provisions of La.Rev.Stat. Ann. 32:295.1 exemplify such an exercise of legislative prerogative. As amended by Acts 1995, No. 643, section 295.1(A)(1) provided that the driver of a passenger car, van, or pickup truck "shall have a safety belt properly fastened about his or her body at all times when the vehicle is in forward motion." Additionally, sub-section (F) provided:
No vehicle the contents of the vehicle, driver, or passenger in a vehicle shall be inspected, detained, or searched solely because of a violation of this Section.
It is well established that the task of statutory construction begins with an examination of the language of the statute itself. Touchard v. Williams, 617 So.2d 885 (La.1993). When the law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature. La. Civ.Code. Ann. art. 9; Touchard, supra; Moore v. Gencorp, Inc., 93-0814 (La.3/22/94); 633 So.2d 1268.
After examining the text of the statute in its entirety, we conclude that La.Rev. Stat. 32:295.1 clearly and unambiguously prohibited law enforcement officers from stopping motorists solely for failure to "buckle up." Sub-section (F) plainly states that no vehicle, its contents, or persons within shall be "inspected, detained, or searched solely because of a violation of this Section." As previously noted, the State stipulated that Defendant was stopped solely because Trooper Blanchard observed him operating his vehicle without wearing a safety belt. In this instance, Defendant was indeed "detained" by Trooper Blanchard when he was stopped for the safety belt infraction. Once detained, Defendant was subjected to an inspection and a search for evidence of intoxication. A plain reading of the statute indicates that it did not afford law enforcement such authority.
We find the legislature, through its employment of the word "detained" in the statute, clearly and unequivocally expressed its intent to prohibit law enforcement officers from stopping, or impeding in any manner a motorist's travel for simply failing to wear a safety belt. Black's Law Dictionary defines the word "detain" as follows: "To arrest, to check, to delay, to hinder, to hold, or keep in custody, to retard, to restrain from proceeding, to stay, to stop, to withhold." BLACK'S LAW DICTIONARY 449 (6th ed.1990) (citations omitted). Thus, the word "detained" encompasses a broad spectrum of restraint, from the slightest hindrance, up to and including a stop. The clear import of the word "detained" in the context of the statute, was that law enforcement officers could not delay, hinder, or restrain a motorist for not wearing a safety belt. Because the legislature prohibited the broadest possible concept of interference by law enforcement officers, i.e., "detained," a fortiori, a stop of a motorist for failing to *1239 wear a safety belt clearly was not permitted under La.Rev.Stat. Ann. 32:295.1.
The State interprets the amended statute to allow law enforcement officers to stop a motorist solely for a safety belt infraction, but to prohibit further inspection or detention of the vehicle or its passengers on that basis alone. In support of its interpretation, the State posits that the preamble of Acts 1995, No. 643, which amended section 295.1 and which was in effect at the time of Defendant's arrest, expressed the legislature's intent to make a violation of the statute a primary offense, for which law enforcement officers could lawfully stop motorists.
The preamble of Act No. 643 (1995) provides:
To amend and reenact R.S. 32:215.1(F) and (G), relative to the required use of safety belts; to allow vehicles and occupants to be stopped or searched because of failure to wear a safety belt; to provide for a period of time in which warnings shall be issued; and to provide for related matters. (emphasis added)
As authority for its position, the State cites State v. Henderson, 98-614 (La.App. 5 Cir. 12/16/98); 727 So.2d 1180. There, the Fifth Circuit Court of Appeal concluded that Act 643 permits law enforcement officers to stop motorists for failing to wear a safety belt, but they may not be detained for any period longer than necessary to issue a citation for a violation of the section, in the absence of some other lawful justification to detain them. Citing this court's decision in Green v. Louisiana Underwriters Ins. Co., 571 So.2d 610 (La. 1990), the court of appeal determined that it is a proper exercise of statutory construction to consider the preamble of the Act to determine its proper application. Thus, the Henderson court concluded that the preamble of the Act reflected an intent by the legislature to make a violation of the section a primary offense.[7]
It is a cardinal rule of statutory construction that the preamble of an act of the legislature is not part of the law, and it cannot be utilized to discern the intent of the legislature where no doubt exists as to the meaning of the statute. Green v. Louisiana Underwriters Ins. Co., 571 So.2d 610 (La.1990); Melancon v. Mizell, 216 La. 711, 44 So.2d 826 (1950); State ex rel. Thompson v. Department of City Civil Service, et al., 214 La. 683, 38 So.2d 385 (1948); City of New Orleans v. Administrators of Tulane Educational Fund, 193 La. 297, 190 So. 560 (1939). Only where ambiguity exists within the body of the enacted legislation does it become necessary to look further than the text to determine the legislative intent.
The Henderson decision is the result of placing the cart before the horse. There, the majority erroneously determined that one must resort to the preamble as a first step in construing the statute. As such, the court of appeal plainly disregarded the proper method of statutory construction set forth by this court in Touchard, supra, which establishes that the first order of business is to look at the language of the statute itself. Where no ambiguity exists, "the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature." La. Civ.Code Ann. art. 9; Touchard. In the matter sub judice, there is no ambiguity in the text as written and, accordingly, we look no further than the very words adopted by the legislature.
Inasmuch as the language of the statute is clear and unambiguous, and its application does not lead to absurd results, there is no need to venture further in search of the legislative intent. However, it is noteworthy that the legislative history of the statute reveals that the changes made by Act 643 (1995) did not alter the operative wording of section 295.1(F) in its original form. Thus, from its inception, the statute prohibited police from stopping motorists *1240 for a violation of the section.[8] Our conclusion is buttressed by the fact that the legislature, by virtue of the subsequent passage of Acts 1999, No. 1344, recently amended La.Rev.Stat. Ann. 32:295.1 again, and for the first time deleted the word "detained" therefrom. Accordingly, we are persuaded that the 1995 amendment did not allow motorists to be stopped for a violation of the statute because the change in the wording was not made until the recent amendment was passed.
We hold that Act 643 (1995), which amended the compulsory safety belt law, did not authorize law enforcement officers to stop motorists, solely on the basis of a violation of La.Rev.Stat. Ann. 32:295.1. In accordance with the clear and unambiguous meaning of the statute, it was necessary for law enforcement officers to have some other, lawful justification for stopping motorists who were not wearing a safety belt.
We conclude that Trooper Blanchard did not have lawful justification to stop Defendant when he observed him operating his vehicle without wearing a safety belt. Therefore, any evidence obtained from Defendant as a result of the stop is tainted by the impropriety and should have been excluded from introduction into evidence at trial.

DECREE
For the foregoing reasons, we reverse the trial court's denial of Defendant's motion to suppress and remand for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.
MARCUS, J., dissents for reasons assigned by Justice KNOLL.
KNOLL, J., dissents and assigns reasons.
KNOLL, Justice, dissenting.
For the following reasons, I respectfully dissent.
The inherent weakness in the majority's opinion is that it overlooks that the Legislature intentionally changed the law; therefore, it is incongruent for the amended statute to be interpreted consist with the former law, which gives an absurd reading to the statute. The 1995 amendment to La.R.S. 32:295.1 evidences the Legislature's intent to change our mandatory safety belt law from a secondary to a primary offense.
In 1995 La.Act 643, La.R.S. 32:295.1 was amended and reenacted. The title of the Act provided that:
To amend and reenact R.S. 32:295.1(F) and (G), relative to the required use of safety belts; to allow vehicles and occupants to be stopped or searched because of failure to wear a safety belt; to provide for a period of time in which warnings shall be issued; and to provide for related matters.
(emphasis added). Thus, while Act 643 maintained many provisions of La.R.S. 32:295.1, it expressly changed subsection *1241 (F). La.R.S. 32:295.1, as amended in 1995, provided in pertinent part that:
A. (1) Each driver of a passenger car, van, or truck having a gross weight of six thousand pounds or less, commonly referred to as a pickup truck, in this state shall have a safety belt properly fastened about his or her body at all times when the vehicle is in forward motion....
. . . .
F. No vehicle, the contents of the vehicle, driver, or passenger in a vehicle shall be inspected, detained, or searched solely because of a violation of this Section.
Thus, in amended form the Legislature added the phrase "the contents of the vehicle" and deleted the phrase "or to determine compliance with this section" from subsection (F). I find the Legislature's intentional deleting of the phrase significant, and, considering the deletion with the statute as a whole, would conclude that the statute allows a driver to be stopped solely for failing to properly wear a safety belt. A review of the legislative history supports this conclusion.
The 1995 amendment to La.R.S. 32:295.1 was introduced by Representative Stelly as H.B. 1350 and referred to the House Committee on Transportation, Highways, and Public Works. The bill made clear that the amendment would make the failure to wear a safety belt a primary offense. In committee hearings, Representative Stelly informed the members that the bill made the failure to wear a safety belt a primary offense. As approved by the Committee and presented to the full House, the bill deleted subsection (F). The full House amended, passed, and forwarded the bill to the Senate by retaining subsection (F) but deleting the term "detained" and the phrase "or to determine compliance with."
The Senate referred the bill to the Committee on Transportation, Highways and Public Works. Representative Stelly introduced the bill and reiterated that the bill made the failure to wear a safety belt a primary offense. The Senate Committee amended the bill by adding the phrase "the contents of the vehicle" and reinserted the word "detained." Noticeably absent from the Committee's proposals were the reinsertion of the phrase "or to determine compliance with" or a recommendation that the statute maintain its status as a secondary offense. The Senate effected no change to the title evidencing an intent to make La.R.S. 32:295.1 a primary offense. Both chambers then passed the bill and sent it to the Governor for executive approval. Thus, with this clear showing of the Legislature's intent, I cannot accept the majority's view.
NOTES
[*] VICTORY, J. not on panel. See Rule IV, Part 2, Section 3.
[1] At the time of the alleged offense, La.Rev. Stat. Ann. 32:295.1 (Acts 1995, No. 643) provided, inter alia:

A. (1) Each driver of a passenger car, van, or truck having a gross weight of six thousand pounds or less, commonly referred to as a pickup truck, in this state shall have a safety belt properly fastened about his or her body at all times when the vehicle is in forward motion....
. . . .
F. No vehicle, the contents of the vehicle, driver, or passenger in a vehicle shall be inspected, detained, or searched solely because of a violation of this Section.
[2] La.Rev.Stat. Ann. 14:98. Defendant was ultimately charged with operating a vehicle while intoxicated, second offense.
[3] La.Code Crim. Proc. Ann. art. 703.
[4] In denying defendant's motion, the trial court noted:

The Court reads this section to mean that the absence of a seat belt can not be used as a vehicle to search vehicles, or to arrest the people who are driving without a seat beltat least "detained." It doesn't say anything about cannot stop the vehicle because the guy is driving without a seat belt. If you couldn't stop him then the seat belt law would be a vain and useless thing.... I think it means you can't arrest people for it. I think you can stop them, give them a ticket and move on, and I think that's what happened in this case....
[5] State v. Barbier, 98-2102 (La.App. 1 Cir.10/22/98).
[6] Subsequent to defendant's arrest, the legislature passed Acts 1999, No. 1344, which amended La.Rev.Stat. Ann. 32:295.1 again, to delete the word "detained." The statute, as it existed at the time of defendant's arrest, is the subject of this Court's consideration.
[7] The Court of Appeal cited and relied on Atty. Gen. Op. No. 93-336, which also concluded that the preamble to Act 643 made the violation of the statute a primary offense.
[8] La.Rev.Stat. Ann. 32:295.1 was originally enacted by Acts 1985, No. 377. As amended by Acts 1995, No. 643, sub-section (F) was modified only minimally. We note that the use of the word "detained" in the original, remained after the amendment. The legislature, therefore, intended to afford motorists the same level of protection against police intrusion as provided in the original. Indeed, a motorist was afforded greater protection after the amendment by virtue of language that prohibited police from inspecting, detaining, or searching the "contents" of the vehicle, as well as the vehicle and its passengers.

Compare the original statutory language of sub-section (F) with the amended form:
Acts 1985, No. 377:
No vehicle, driver or passenger in a vehicle, shall be inspected, detained, or searched solely because of a violation of or to determine compliance with this Section.
Acts 1995, No. 643
No vehicle, the contents of the vehicle, driver, or passenger in a vehicle shall be inspected, detained, or searched solely because of a violation of this Section.