JjKOSTELKA, J.
Robert Elmore (“Elmore”) pled guilty to possession of cocaine, La. R.S. 40:967, reserving his right to appeal the denial of a motion to suppress the evidence seized in his arrest.[1] Finding merit to his claim, we reverse the ruling on the motion to suppress and reverse Elmore’s conviction and sentence.
Facts
On February 8, 1997, Elmore was the front-seat passenger in a vehicle stopped by Jackson Parish Sheriffs deputy Paul Trosclair (“Trosclair”) for a seatbelt violation. Trosclair asked the driver of the vehicle to exit the car, explained to him the reason for the stop and obtained consent from him to search the vehicle. The two passengers exited the vehicle after Deputies Tim Rogers and Travis Abies (“Abies”) arrived at the scene. When Abies asked if either passenger possessed a weapon, Elmore responded that he had a knife. Abies asked both passengers to empty their pockets. Elmore complied with the request, removing the knife and some other items from his pockets and then placing them on the hood of the vehicle. Thereafter, however, Elmore placed his hands back into his pockets. Fearing that he may be concealing weapons or contraband, Trosclair twice asked Elmore to take his hands from his pockets. Wdien Elmore did not do so, the officer removed the defendant’s hands from his pockets. Trosclair then recovered a small plastic *1257 bag, containing what laboratory tests later confirmed as cocaine, from Elmore’s pockets.
After Elmore’s plea, the trial court sentenced him to a suspended two-year hard labor term and ordered him to pay a fine and probation fee of $250 each and costs. Elmore was placed on supervised probation for two years with special conditions. This appeal ensued, raising only the issue of the denial of the motion to suppress.
| ¡.Discussion
The evidence in this case clearly shows that Trosclair stopped the vehicle in question solely because the driver and Elmore were not wearing seat belts in violation of La. R.S. 32:295.1. In light of the Louisiana Supreme Court’s recent pronouncement that La. R.S. 32:295.1, as it read at the time of Elmore’s arrest, did not authorize officers to stop motorists solely on the basis of a safety belt violation, we find that Trosclair did not have lawful justification to stop the vehicle in this case. State v. Barbier, 98-2923 (La.09/08/99), 743 So.2d 1236. Accordingly, any evidence seized from Elmore as a result of the stop is “tainted by the impropriety and should have been excluded from introduction into evidence at trial.” Id. at 1240.
DECREE
For the foregoing reasons, we reverse the trial court’s denial of Elmore’s motion to suppress. Consequently, his conviction and sentence must be vacated.
CONVICTION AND SENTENCE REVERSED.

. Elmore reserved his right to appeal the denial of his motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976).