11 SAUNDERS, Judge.
The Defendant, Frank J. Dupre, was convicted of possession of cocaine with the intent to distribute and possession of a firearm by a convicted felon. He was sentenced to serve ten years at hard labor without the benefit of parole, probation or suspension of sentence and ordered to pay a $1,000.00 fine for his conviction of possession of a firearm charge by a convicted felon. After being adjudicated a habitual offender, the Defendant was sentenced to serve thirty years at hard labor without the benefit of probation or suspension of sentence for possession of cocaine with the intent to distribute. The Defendant was subsequently granted this appeal.
In the Defendant’s first assignment of error, he claims the trial court erred in denying his motion to suppress. Specifically, he claims the officers were not justified in stopping his vehicle for the alleged violation of the seatbelt law, La.R.S. 32:295.1. He contends that any evidence obtained as a result of the stop should have been excluded from introduction at trial. In support of his position, the Defendant cites State v. Barbier, 98-2923 (La.9/8/99); 743 So.2d 1236. The State contends it “cannot formulate an argument in opposition to that of Petitioner and must concede that the officer did not have lawful justification to stop and search defendant’s vehicle.” For this reason, the State agrees that the Defendant’s conviction must be vacated. Because the parties are in agreement on the disposition of this case, we accordingly vacate and set aside the Defendant’s convictions, habitual offender adjudication and sentences. We further reverse the trial court’s denial of Defendant’s Motion to Suppress and we order the evidence seized as a result of the stop suppressed. The case is remanded to the trial court for further disposition consistent herewith. Having set aside the Defendant’s sentence, the remaining issues are rendered moot.
bDECREE
For the foregoing reasons, Defendant’s conviction and sentence are reversed and set aside and the Defendant’s Motion to Suppress is granted.
REVERSED AND REMANDED.
AMY, J., CONCURS IN THE RESULT AND ASSIGNS REASONS.