LAMY, J.,
concurring in the result.
I concur in the majority’s determination that the defendant’s convictions must be vacated and the sentence set aside. However, as I stated in State v. Antoine, 98-369 (La.App. 3 Cir. 10/28/98); 721 So.2d 562, writ denied, 99-0095 (La.11/24/99); 750 So.2d 978, it is my appreciation that a seat belt conviction arising under this statute should be reversed, but that the evidence obtained, which is under consideration here, is not that typically associated with the exclusionary rule. As in Antoine, the stop for the seatbelt violation in this case, which occurred in 1996, was made by an officer faced with an ambiguous statute that had not, at that time, been interpreted by a reviewing court. Further, an Attorney General’s opinion existed, interpreting the statute to permit a stop solely for the failure to wear a seat belt. See Op.Atty. Gen. No. 95-336 (August 17, 1995). Thus, although courts have subsequently determined that La.R.S. 32:295.1, as it then existed, precludes a stop solely for the failure to wear a seat belt, the “stop was conducted at a time when the only persuasive authority as to the interpretation of the statute was the opinion of the Attorney General, an opinion under which the stop would have been valid.” Antoine, 98-369, *1175 p. 16; 569. Accordingly, I do not see that the goals of the exclusionary rule are advanced by suppression of the evidence in this case. See City of New Orleans v. Lyons, 342 So.2d 196 (La.1977). See also Illinois v. Krull, 480 U.S. 340, 107 S.Ct. 1160, 94 L.Ed.2d 364 (1987), wherein the United States Supreme Court found the exclusionary rule ^inapplicable to a situation in which an officer made a warrantless search pursuant to a statute that was subsequently deemed unconstitutional.
Notwithstanding the above observation, I agree with the majority that a reversal is required in this case due to the Louisiana Supreme Court’s decision in State v. Barbier, 98-2923 (La.9/8/99); 743 So.2d 1236, a case released subsequent to Antoine . Following that portion of Barbier in which the Court determined that La.R.S. 32:295.1 prohibits the stop of a vehicle solely for a seatbelt violation, the Court found that the trial court erred in failing to suppress evidence seized as a result of the unlawful stop. The Court stated that the evidence resulting from the unjustified stop was “tainted by the impropriety” and, thus, should have been excluded. Id. at p. 7; 1240. While the Court made this determination, the applicability of the exclusionary rule, or lack thereof, was not the focus of the supreme court’s analysis. Importantly, however, the trial court’s denial of the defendant’s motion to suppress was reversed. As I observe that the defendant in the instant matter is positioned similarly to the defendant in Barbier, a position adopted by the State as it has filed a brief in this case declaring that it can formulate no argument to oppose the defendant’s argument, I agree that the evidence seized as a result of the stop must be suppressed and the convictions reversed.
For these reasons, I respectfully concur.