h MURRAY, Judge.
The Louisiana Department of Labor appeals a judgment in favor of Barry Verbois holding that La. R.S. 23:1601(7)(d)(i), which deems “vacation pay” to be wages for purposes of determining eligibility for unemployment benefits, does not apply to benefits paid pursuant to a collective bargaining agreement. For the reasons that follow, we reverse.
FACTS AND PROCEDURAL HISTORY:
Barry Verbois, a member of the Seafarers International Union AFL-CIO (SIU) was employed by Maersk Lines as a seaman from March 25, 1998 to August 5, 1998, when his contract ended. Maersk and SIU had entered into a collective bargaining agreement. Pursuant to that agreement, employers such as Maersk, who are signatory to the agreement, make contributions to fund the Seafarers Vacation Plan (the Plan), which pays benefits to seamen such as Mr. Verbois, in accordance with the regulations of the Plan, following their discharge.
When Mr. Verbois’ tour with Maersk ended on August 5, 1998, he was unemployed, and registered with the SIU as being ready to work. Because he was *13 unemployed, he filed for and received gross unemployment benefits of $2,697 after he arrived home. However, Maersk objected shortly after these payments began, |2alleging that Mr. Verbois had received vacation pay which disqualified him for unemployment benefits pursuant to La. R.S. 23:1601(7)(d). Based on this objection, the Office of Employment Security determined that Mr. Verbois’ vacation pay, which was to be prorated against his unemployment benefits, (a) made him ineligible for unemployment for the period August 9, 1998, to September 19, 1998; and (b) offset his benefits for the period September 20, 1998 to September 26, 1998, by $168.51[1].
Mr. Verbois appealed both determinations to the Administrative Law Judge (ALJ) and was assigned two different docket numbers. The ALJ rendered decisions in each case, affirming the determinations, which, in turn, were appealed to and affirmed by the Louisiana Board of Review. Mr. Verbois then filed a petition for judicial review in Orleans Parish Civil District Court, seeking reversal of both determinations. Once issue was joined the trial court rendered judgment in his favor, reversing the disqualification. This appeal followed.
DISCUSSION:
Initially, we note that La. R.S. 23:1634 B provides that factual findings of the Board of Review, if supported by sufficient evidence, absent fraud, “shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.” The Board adopted the administrative law judge’s factual finding that Mr. Verbois had accumulated forty-eight days of vacation pay, which was payable at the completion of his contract. The trial court, quite properly, did not address that factual finding. It, however, concluded, as a matter of law, that La. R.S. |323:1601(7)(d) was not intended to apply to benefits paid pursuant to a collective bargaining agreement, and reversed the Board’s decision.
In support of that conclusion, Mr. Ver-bois points out that the Plan is an employee benefit program funded by contributions from the seaman’s employer, pursuant to a collective bargaining agreement between it and the SIU. The payment at issue was made to him by the Plan, not his employer. Pursuant to the collective bargaining agreement, his employer owed this contribution to the Plan at the time he performed the labor. He argues that the Plan is not really a vacation plan, despite its title. Rather, it acts as a savings plan for a seaman while he is working, and disburses his savings to him when he is released from his employment with his ship.
Instead of supporting this argument, the record evidence supports the Department’s determination that the payment to Mr. Verbois was, in fact, vacation pay. The record contains a letter from the Union attorney in support of the appeal of another seaman who had been denied benefits based on a similar payment. That letter describes the Plan as follows:
The Seafarers Vacation Plan (“Plan”) is a multi-employer employee benefit plan, regulated by the Employee Retirement Income Security Act of 1974 (“ERISA”). It is funded by contributions from employers that are signatory to a collective bargaining agreement with the Seafarers International Union, Atlantic, Gulf, Lakes and Inland Waters District (“SIU”). The Plan is governed *14 by a Board of Trastees. The Plan pays benefits to its participants in accordance with the regulations of the Plan. In order to qualify for benefits, a participant must work at least 120 days within a 15 month period for employers that contribute to the Plan, and he or she must apply for benefits within 15 months of the date of discharge from the earliest vessel applied for. The payments to Plan participants are an employee benefit, not salary.
This letter does not describe the payments to Plan participants as a savings plan; it simply concludes that such payments are an “employee benefit, not salary.” In l4addition, Mr. Verbois own testimony regarding the payment during the telephone hearing with the ALJ strongly suggests that the payment to him is “pay in lieu of vacation.”
The sole issue raised by the appeal, therefore, is whether the payment by the Plan, rather than by an employer, pursuant to a collective bargaining agreement is within the ambit of R.S. 23:1601(7)(d)(i). That statute provides:
For the purposes of this Section, whenever the employer or employing unit, or his designated representative, or any vacation- plan, or any dismissal plan makes a payment or payments, or holds ready to make such payment to an individual as vacation pay, or vacation pay allowance, or as pay in lieu of vacation, or dismissal pay, or severance pay, such payment shall be deemed “wages” as defined in Section 1472(20)(A) prorated for the period of time which it would have taken such individual to earn remuneration during the employment in which such payments accrued, excluding any overtime payments, (emphasis added)
There are no Louisiana cases that address this issue, and none of the cases cited by either party is particularly helpful in answering the question. Nor do we find the decisions of the New Jersey Board of Review, which rely on case law of that state interpreting a statute that differs significantly from R.S. 23:1601(7)(d), included in the record, persuasive.
In support of the legal conclusion that R.S. 23:1601(7)(d) was not intended to apply to this payment, Mr. Verbois points out that the comments to the statute reflect that the legislature intended that vacation allowance paid pursuant to a collective bargaining agreement should not be treated as wages.
It is correct that Act 554 of 1990, which amended R.S. 23:1601, originated as Senate Bill No. 801 and was titled “Unemployment benefits — -treatment of | .^vacation allowance pursuant to collective bargaining agreement.” It also is correct that the preamble to the bill provided that it was:
AN ACT to amend and reenact R.S. 23:1601(7)(d), relative to unemployment benefits; to provide that vacation allowance pursuant to a collective bargaining agreement shall not be treated as wages; and to provide for related matters.
The preamble of a legislative act, however, is not part of the law and it cannot be used to discern the legislature’s intent if no doubt exists as to a statute’s meaning. State v. Barbier, 98-2923, p. 5 (La.9/8/99), 743 So.2d 1236, 1239.
Although it appears from the title and preamble of the bill that its author intended that vacation allowance pursuant to collective bargaining agreements should not be treated as wages, the statute that was enacted does not evidence that intent. R.S. 23:1601(7)(d)(i) explicitly, unequivocally, and unambiguously provides that vacation pay allowance, or pay in lieu of vacation, paid by any vacation plan is deemed *15 wages for purposes of unemployment benefits. It makes ño exception for payments made pursuant to collective bargaining agreements. In fact, the statute does not even mention collective bargaining agreements. Whether this omission is by oversight or design, we cannot discern. The statute, as written applies to payments such as that made from the Seafarers’ Vacation Plan to Mr. Verbois, and this court’s hands are tied.
The payment that Mr. Verbois received from the Plan is covered by R.S. 23:1601(7)(d)(i). The judgment based on the finding that the statute does not apply to this payment is reversed, and the decisions of the Board of Review are reinstated.
JUDGMENT REVERSED; DECISION OF BOARD OF REVIEW REINSTATED.

. Mr. Verbois actually received four notices from the Department in connection with these two determinations.