Dear Mr. Morris:
In your capacity as acting general counsel of the Orleans Parish School Board ("OPSB"), you have requested an opinion of this office concerning charter school funding requirements. In your opinion request, you specifically seek guidance from this office to determine the appropriate amount of local revenue that must be funded for type 1, type 3, and type 4 charter school students. Additionally, you seek an interpretation of La.R.S. 17:3995(A)(3).
Your opinion request states that there is a conflict between OPSB and the Department of Education ("DOE") as to the interpretation of La.R.S.17:3995(A)(3). OPSB believes that La.R.S. 17:3995(A)(3) merely precludes a district from further reducing the local per pupil amount calculated pursuant to La.R.S. 17:3995(A)(1). Additionally, you stated that OPSB believes that in determining funding for charter school pupils pursuant to La.R.S. 17:3995(A)(1), any portion of sales and use taxes as well as ad valorem taxes which have been specifically dedicated to capital outlay or debt service would properly be excluded from the local minimum foundation program calculation ("MFP").[1]
Based on an analysis of La.R.S. 17:3995(A)(1) and (3), it is the opinion of this office that two separate calculations must be performed in order to determine the appropriate per pupil amount to be allocated to type 1, type 3, and type 4 charter schools. It is also the opinion of this office that under the local revenue calculation prescribed in La.R.S. 17:3995(A)(1), it is proper to exclude portions of the sales and *Page 2 
use taxes and the ad valorem taxes which have been specifically dedicated by the Louisiana Legislature or by voter approval to capital outlay or debt service. However, the calculation prescribed in La.R.S. 17:3995(A)(1) is not the only calculation which must be performed to determine the appropriate per pupil amount for type 1, type 3, and type 4 charter schools.
The first calculation is prescribed in La.R.S. 17:3995(A)(1) which provides in pertinent part:
 The per pupil amount provided to all charter schools shall be computed annually and shall be equal to no less than the per pupil amount received by the school district in which the charter school is located from the following sources based on the district's October first membership count:
 (a) The state-funded per pupil allocation received by the district pursuant to the most recent legislatively approved minimum foundation program formula resolution, including all levels.
 (b) Local revenues received during the prior year by the school district from the following sources, excluding any portion which has been specifically dedicated by the legislature or by voter approval to capital outlay or debt service:
 (i) Sales and use taxes, less any tax collection fee paid by the school district.
 (ii) Ad valorem taxes, less any tax collection fee paid by the school district.
 (iii) Earnings from sixteenth section lands owned by the school district.
La.R.S. 17:3995(A)(3) requires a second calculation to be performed, because it provides "in no case shall the per pupil amount required in Paragraph (1) of this Subsection be less than the combined state and local per pupil allocation for the district in which the charter school is located as defined by the most recent legislatively approved minimum foundation program, including all levels." Thus, two distinct calculations are to be performed to determine charter school funding. First, a calculation is performed pursuant to the provisions of La.R.S.17:3995(A)(1). This calculation is performed by combining the state per pupil share of all levels of the most recent legislatively approved MFP for the district in which the charter school is located plus the local revenues received the prior year from the sixteenth section lands, ad valorem taxes and sales and use taxes excluding any portion which has been specifically dedicated by the legislature or by voter approval to capital outlay or debt service. Any portion of revenue which has been specifically dedicated to capital outlay and debt service would be excluded based on an examination of the language in the statute itself.[2] *Page 3 
Additionally, a second calculation is performed based on a formula that combines the state and local share of the per pupil allocation for all levels of the most recent legislatively approved MFP for the school district in which the charter school is located, as provided in La.R.S.17:3995(A)(3). The state and local share of the per pupil allocation is determined by the Budget Letter created by the DOE. Additionally, when the second calculation is performed pursuant to La.R.S. 17:3995(A)(3), the local per pupil allocation is computed differently than the local revenue calculation pursuant to 17:3995(A)(1). The local per pupil allocation under La.R.S. 17:3995(A)(3) will not exclude portions of the revenue which have been dedicated to capital outlay or debt service.[3]
We conclude that a second calculation must be performed based on the language in La.R.S. 17:3995(A)(3) which states in pertinent part "in no case shall the per pupil amount required in Paragraph (1) of this Subsection be less than the combined state and local per pupil allocation for the district in which the charter school is located." Thus, two calculations must be performed in order to conform to the requirements of La.R.S. 17:3995(A)(3). If a second calculation is not performed to determine the combined state and local per pupil allocation prescribed in La.R.S. 17:3995(A)(3), then it would not be possible to determine whether the calculation prescribed in La.R.S. 17:3995(A)(1) is less then the calculation set forth in La.R.S. 17:3995(A)(3). After the two calculations are performed, if the amount calculated by the formula prescribed in La.R.S. 17:3995(A)(1) is equal to or greater than the combined state and local per pupil allocation of La.R.S. 17:3995(A)(3), then the amount calculated under the formula set forth in La.R.S.17:3995(A)(1) will be used.
Additionally, well-established rules of statutory construction support the conclusion that La.R.S. 17:3995 requires two separate calculations. The fundamental question in all cases of statutory interpretation is legislative intent.[4] Additionally, statutes must be construed in a manner that gives effect to all parts of a statute and, if possible, avoids an interpretation that makes any part superfluous or meaningless.[5] Thus, a second calculation must be performed; otherwise it would have the effect of La.R.S. 17:3995(A)(3) being interpreted as meaningless.
Based on the above analysis, it is the opinion of this office that pursuant to La.R.S. 17:3995(A), the per pupil amount is to be computed annually and must be equal to at least the greater of the two separate calculations described above. Additionally, it is the opinion of this office that the portion of the sales and use taxes and ad valorem *Page 4 
taxes which have been specifically dedicated to capital outlay and debt service would be excluded from the local revenue calculation described in La.R.S. 17:3995(A)(1). It is important to note that while this office has issued an opinion interpreting the meaning of La.R.S.17:3995, this office cannot serve as a mediator of disputes between OPSB and the DOE. We hope this sufficiently answers your inquiry, but if we can be of any further assistance, please do not hesitate to contact us.
With Best Regards,
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By:__________________________
 Cherie A. Lato
 Assistant Attorney General
 KLK:arg
[1] Your opinion request specifically discussed sales and use taxes and ad valorem taxes and made no mention of earnings from sixteenth section lands; however, it is the opinion of this office that earnings from sixteenth section lands would be treated in the calculation in the same manner as sales and use taxes and ad valorem taxes.
[2] [T]he task of statutory construction begins with an examination of the language of the statute itself. . .When the law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature." La.C.C. art 9;State v. Barbier, 98-2923 (La. 9/8/99), 743 So.2d 1236.
[3] House Concurrent Resolution No. 290 of the Regular Session of 2006 of the Louisiana Legislature provides that debt service is included in the determination of the local per pupil amount.
[4] Fontenot v. Chevron USA, Inc., 95-1425 (La. 7/2/96), 676 So.2d 557.
[5] First National Bank v, Beckwith Mach. Co., 94-2065 (La. 2/20/95),650 So.2d 1148.