Dear Representative Crowe:
Your request for an Attorney General's Opinion has been forwarded to me for research and reply. You have requested an opinion of this office regarding La.R.S. 17:3997(B) which provides that a local school board must grant a leave of absence, not to exceed three years, to any employee in its school system requesting such leave in order to be employed in a charter school. La.R.S. 17:3997(B)(2) further provides guidance to local school boards and employees regarding the procedure for returning to the city or parish school system after a leave of absence. You asked this office whether a local school board can refuse to allow an employee to return after a leave of absence based on all positions in the system being filled, even if the law necessitates a reduction in force.
You have asked for this opinion on behalf of a teacher who is currently employed at a charter school in Orleans Parish. The following background information was provided to this office: this teacher was employed with Orleans Parish School Board ("OPSB") for several years until he took a leave of absence, effective January 11, 2006, to take a position with a type 3 charter school. This teacher would now like to end his leave of absence. OPSB has stated that he may request to be taken off leave; however, there are no vacancies available.
It is the opinion of this office that a local school board must allow an employee to return to the city or parish school system to a comparable position at the end of the second year of leave authorized by La.R.S.17:3997(B) even if such return necessitates a reduction in force. This opinion is supported by the language set forth in La.R.S. 17:3997(B)(2)(b) which provides "[a]t the end of the second year of leave authorized by *Page 2 
this Subsection, an employee may make a written request to the local school board to return to the city or parish school board school system to a comparable position from which the leave was granted. Upon such request, the employee shall be permitted to return to a comparable position even if such return necessitates a reduction in force by the local school board." It is important to note that the local school board may require that any request to return to the city or parish school system be made at least ninety days before the employee would otherwise have to report to duty. See La.R.S. 17:3997(B)(3). Thus, an employee must provide the proper notice to the local school board and must have completed the second year of leave. Furthermore, upon his return to the local school system, an employee will not lose any right of retirement or salary status or any other benefit to which the employee would have been entitled had he not taken a leave of absence to teach in a charter school.
Here, the teacher on whose behalf you have requested this opinion has been on a leave of absence since January 11, 2006. He has not been on a leave of absence for two years; thus, La.R.S. 17:3997(B)(2)(b) would not be applicable. The teacher will not be able to seek the benefits of La.R.S. 17:3997(B)(2)(b) until January 11, 2008. Since the teacher has been on his leave of absence for less than two years, La.R.S.17:3997(B)(2)(a) which provides "[a]t the end of the first year of leave authorized by this Subsection, an employee may return to his former teaching position with the local school board" is applicable.
Based on an analysis of the specific language used in each subsection of La.R.S. 17:3997[1], it is the opinion of this office that a teacher who is at the end of his first year of leave is not provided with the same rights as a teacher who has completed his second year of leave. Here, after one examines the language set forth in La.R.S. 17:3997(B)(2)(a) and La.R.S. 17:3997(B)(2)(b), it is clear that the Legislature intended for a different procedure to be used depending on the length of the teacher's leave of absence. In La.R.S. 17:3997(B)(2)(a), the Legislature provided "[a]t the end of the first year of leave authorized by this Subsection, an employee may return to his former teaching position with the local school board." However, in La.R.S. 17:3997(B)(2)(b), the Legislature provided "[a]t the end of the second year of leave, authorized by this Subsection, an employee may make a written request to the local school board to return [. . .]. Upon such request, the employeeshall be permitted to return to a comparable position even if such return necessitates a reduction in force." [Emphasis added.] The specific use of the word "shall" in La.R.S. 17:3997(B)(2)(b) sets forth an obligation on behalf of a local school board to permit such employee to return to a comparable position. Such language is not found in La.R.S.17:3997(B)(2)(a). *Page 3 
Therefore, it is the opinion of this office that a local school board must allow an employee to return to the city or parish school system to a comparable position at the end of the second year of leave authorized by La.R.S. 17:3997(B) even if such return necessitates a reduction in force, provided the employee provides proper notice. However, in regards to the teacher in question, he has not completed his second year of leave. Thus, OPSB would not be required to institute a reduction in force for this specific teacher until January 11, 2008.
We hope this sufficiently answers your inquiry. If we can be of further assistance, please do not hesitate to contact us.
 With Best Regards,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By:__________________ Cherie A. Lato Assistant Attorney General
 CCF, JR:CAL
[1] "[T]he task of statutory construction begins with an examination of the language of the statute itself . . . When the law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature." La.C.C. art 9;State v. Barbier, 98-2923 (La. 9/8/99), 743 So.2d 1236.